IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON BENARD KILGORE, 1219370, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-2129-M |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court for Findings, Conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

Petitioner was convicted of possession of cocaine on February 13, 2004. In addition, the court found two prior felony convictions for enhancement and sentenced Petitioner to ten years' confinement. *State of Texas v. Aaron Benard Kilgore*, No. F-03-51697-WU (291st Jud. Dist. Ct.,

Dallas County, Tex., Feb. 13, 2004). Petitioner appealed to the Fifth District Court of Appeals, Dallas, Texas, and his appeal was denied by Memorandum Opinion on March 17, 2005. *Kilgore v. State*, No. 05-04-00277-CR (Tex. App. – Dallas, Mar. 17, 2005). Petitioner did not file a petition for discretionary review. Accordingly, Petitioner's conviction became final on June 15, 2005 when mandate issued from the appellate court. He filed for post-conviction relief in state court on September 12, 2005, and April 6, 2009. The Texas Court of Criminal Appeals denied the first petition without written order on June 7, 2006, and dismissed the second as a subsequent application on October 21, 2009. *Ex parte Kilgore*, Nos. 64,638-02 and 64,638-03.

On November 9, 2009, Petitioner filed this § 2254 petition seeking habeas corpus relief. He alleges:

(1) his Fourth Amendment right was violated by lack of probable cause to arrest him after an illegal detention;

(2) he was denied his Sixth Amendment right to counsel;

(3) the trial court abused its discretion in denying a motion to suppress the evidence; and

(4) the case is not time-barred.

On January 14, 2010, Respondent filed a preliminary response arguing that the petition is time-barred. On February 1, 2010, Petitioner filed a reply contending he: (1) never received the Fifth District Court of Appeals mandate order; (2) didn't know his conviction was final until he filed his second petition for post-conviction relief; and (3) was denied due process by being unable to file his federal petition before the limitations period expired because he failed to receive the mandate in a timely manner. Petitioner requests that the Court find that his § 2254 petition is not time barred.

**II.     Discussion**

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review

---

[1] The statute provides that the limitations period shall run from the latest of--

>    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

is pending. *See* § 2244(d)(2).

The following relevant facts are shown by the Fifth Court of Appeals Events Summary which is part of the state court records:

On March 9, 2005, the Fifth Court of Appeals entered a Memorandum Opinion affirming Petitioner's conviction. On June 9, 2005, Petitioner inquired as to the status of his case, and he was sent a copy of the Memorandum Opinion. On June 15, 2005, mandate issued and Petitioner's conviction became final. Eighty-eight days of the limitations period expired before Petitioner filed his first state habeas application, writ no. W03-51697-U(A), on September 12, 2005. Pursuant to Petitioner's request, the Clerk sent Plaintiff copies of the mandate on May 11, 2006, and May 15, 2006. The limitations period was tolled while Petitioner state application for post-conviction relief was pending. On June 7, 2006, when the Texas Court of Criminal Appeals denied the application without written order, 277 days of the limitations remained. Thus, the ADEPA limitations period expired on February 9, 2007, almost two years and nine months before Petitioner filed his § 2254 petition on November 9, 2009.[2] Petitioner's § 2254 petition is barred by the statute of limitations unless he has shown that he is entitled to equitable tolling of the limitations period.

**B.  Equitable Tolling**

The one-year limitations period is subject to equitable tolling in appropriate cases. *Holland*

---

[2] On April 6, 2009, well after the limitations period expired, Petitioner filed a second state habeas application, writ no. W03-51697-U(B), which the Texas Court of Criminal Appeals dismissed as a second or subsequent petition. The second application did not toll the limitations period or have any effect on it because the limitations period had expired well before Petitioner filed it.

*v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010). When seeking equitable tolling, a petitioner bears the burden to show his case is "rare and exceptional." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner makes the conclusory allegations that he (1) never received the Fifth District Court of Appeals mandate order; (2) didn't know his conviction was final until he filed his second petition for post-conviction relief; and (3) was denied due process by being unable to timely file his federal petition because he did not receive the mandate in a timely manner.

Petitioner filed his first state habeas application only 88 days after mandate issued. Thus, he was not prejudiced. Even assuming he did not receive a copy of the mandate until the clerk sent him copies on May 11, 2005 and May 15, 2006, Petitioner still had 277 days remaining after the state habeas application was dismissed on June 7, 2006, ample time to file his federal petition.

Petitioner makes the conclusory allegation that he didn't know his conviction was final until he filed his second petition for post conviction relief. Petitioner seems to believe that because his

first state habeas application was denied without written order, it was not denied on the merits, and therefore, he was not precluded from filing a second state habeas application, by which the Texas courts would have retained jurisdiction over his case. The record does not show that Petitioner's first state habeas application was denied on procedural grounds. His pleadings do not support such a finding. Even though the trial court recommended that the petition be dismissed on procedural grounds, the Texas Court of Criminal Appeals did not dismiss the application. Rather, the Texas Court of Criminal Appeals denied the application. Such denial under state law is an adjudication on the merits even though the denial of an application does not contain a written opinion. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex.Crim.App. 1997); *Neal v. Puckett,* 239 F.3d 683, 868 (5th Cir.2001) (holding that "[i]n the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural"); *but see Hartfield v. Quarterman,* 603 F.Supp. 2d 943, 953–54 (S.D. Tex. Feb.25, 2009) (noting that to determine the nature of a denial, under state law, the district court must look beyond mere labels to the substance of the action taken).

The Court has reviewed Petitioner's first state habeas proceeding. In Petitioner's federal petition, he raised the same substantive issues raised in his first – and only timely – state habeas application. Considering Petitioner's pleadings and the disposition of his state habeas applications, the Court finds the denial of Petitioner's first state habeas application without written order by the Texas Court of Criminal Appeals is substantive and therefore, a final adjudication of his claims on the merits for purposes of the AEDPA.

To the extent that Petitioner asserts that he is entitled to equitable tolling because he was diligent in pursuing post-collateral relief and just couldn't get a copy of the mandate, he fails to show that his actions warrant equitable tolling of the limitations period. Petitioner knew how to ask the clerk about the status of his case, and the record shows that he did so frequently.[3] Ample time remained after the denial of Petitioner's first state habeas application to file his federal § 2254 petition. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 170–71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006). " '[E]quity is not intended for those who sleep on their rights.' " *Id.* (quoting *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000). Petitioner has not met his burden to show he is entitled to equitable tolling of the limitations period.

Petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for

---

[3] On May 10, 2006, Petitioner requested to be updated on the status of his case. The record reflects the clerk sending Petitioner a copy of the mandate both on May 11, 2006 and May 15, 2006. On July 19, 2006, Petitioner again requested and received notice of the status of his case.

the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although Petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714. Accordingly, the Court finds that Petitioner's federal petition is barred by the AEDPA's one-year limitations period.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed this 28th day of November, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).